# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLINE BURROWS, <br> Wife and Administratrix of the Estate of <br> Bernard T. Burrows, <br> 1819 Township Road <br> Wilmington, DE 19804, <br><br> Plaintiff, <br><br> v. <br><br> CSX TRANSPORTATION, INC. <br> 4724 Hollins Ferry Road <br> Baltimore, MD 21227, <br><br> Service Address: <br> Corporation Service Company <br> 2704 Commerce Drive #B <br> Harrisburg, PA 17110, <br><br> Defendants. | CIVIL ACTION <br><br><br><br><br> JURY TRIAL DEMANDED <br><br><br><br><br> COMPLAINT |

## COMPLAINT

Plaintiff Caroline Burrows, as wife and administratrix of the estate of decedent Bernard T. Burrows, for her Complaint against defendant CSX Transportation, Inc., aver as follows:

### The Parties

1.  Plaintiff Caroline Burrows is the wife and administratrix of the estate of decedent Bernard T. Burrows. She lives at 1819 Township Road in Wilmington Delaware.

2. Decedent Bernard T. Burrows resided at 1819 Township Road in Wilmington, Delaware.

3. Defendant CSX Transportation, Inc., upon information and belief, is a corporation organized and existing under and by virtue of the laws of the Commonwealth of Virginia. CSX Transportation is registered with the Pennsylvania Department of State to do business in Pennsylvania and has a registered agent for service of process at 2704 Commerce Drive #B, Harrisburg, PA 17110.

### Nature of the Action, Jurisdiction and Venue

4. Caroline Burrows' cause of action against CSX Transportation, Inc. arises under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149 and amendments thereto, codified at 45 U.S.C. §51 et seq., and more commonly known as the Federal Employers' Liability Act (the "FELA").

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over this action pursuant to 45 U.S.C. Section 56, which vests the State and Federal Courts with concurrent jurisdiction over FELA claims.

6. This Court has personal jurisdiction over CSX Transportation, which carries on a continuous and systematic part of its general business within the Eastern District of Pennsylvania. CSX Transportation owns and operates rail yards in Morrisville and South Philadelphia, owns and operates many miles of track, employs many employees and runs trains through and into, the Eastern District of Pennsylvania.

7. Venue is appropriate in the Eastern District pursuant to 28 U.S.C. §1391(b)(1) and (c). CSX Transportation is subject to personal jurisdiction here and so resides in the Eastern District.

## Factual Background

8. Plaintiff hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1-7 hereinabove.

9. On Monday, September 19, 2011, decedent Bernard T. Burrows was employed by and working for defendant CSX Transportation, Inc. as a bridge mechanic, working to replace rail and ties on the bridge over Garrett Island located between Havre de Grace and Perryville, Maryland.

10. Due to CSX's failure to provide a porta-potty or other relief facilities, Mr. Burrows was forced to relieve himself over the bridge. He was walk-

ing on the bridge to do so when an improperly secured "grading platform" placed over a hole in the decking gave way, causing Mr. Burrows to fall approximately ninety feet to his death onto Garrett Island.

11. Mr. Burrows' death was the result of numerous injuries, including: (a) About the head, comminuted shearing fracture of the right parietal bone of the skull; subarachnoid hemorrhage, intraventricular hemorrhage, transected brainstem at the pontomedullary junction; fractures of the right zygoma, left maxilla and mandible; (b) On the torso, fractured left clavicle, fractured left ribs 1, 2, 3, 6, 7, 8, 9, fractured right ribs 7 and 8, lacerated lower lobes of the right and left lungs, fractured right pubic bone, fractured and dislocated sacroiliac joints, fractured left iliac bone; and (c) on the extremities, abrasions and contusions of the right shoulder and forearm, fractured right radius and ulna fracture, malrotated left lower extremity, distal left femur fracture and dislocation and distal left ankle fracture.

12. Upon information and belief, Mr. Burrows did not die or lose consciousness instantaneously, but remained alive and conscious for a period of time, in physical pain and mental anguish. The autopsy revealed Mr. Burrows' hemoaspiration, evidencing that he was still breathing.

13. Upon information and belief, Mr. Burrows was conscious as he fell ninety to a hundred feet, and knew he was falling to his death or severe injury.

## COUNT I: FELA

14. Plaintiff hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1-13 hereinabove.

15. Plaintiff Caroline Burrows brings this action as the personal representatives of the Estate of Bernard T. Burrows, on behalf of Mr. Burrows and all those entitled by law to recover the damages suffered by the estate of Mr. Burrows as a result of Mr. Burrows' death as well as for medical expense, loss of earnings, and pain, suffering and inconvenience which Mr. Burrows endured and sustained prior to his death, and on their own behalf for the loss of monetary contribution, gifts and support, and the loss of services, affection, society, counsel and comfort they suffered, together with other pecuniary and non-pecuniary losses.

16. At all times material hereto, Mr. Burrows was in the employ of defendant CSX Transportation, Inc. as a bridge mechanic in furtherance of CSX Transportation, Inc.'s business of interstate commerce and transportation by railroad for hire.

17. At all times material hereto, CSX Transportation, Inc. owed a duty to Mr. Burrows under the FELA to exercise reasonable care to provide a safe place to work.

18. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to provide safe and secure walkways.

19. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to provide adequate manpower to help Mr. Burrows perform his job safely.

20. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to provide sufficient training to Mr. Burrows to perform his job safely.

21. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to provide proper facilities, tools and equipment.

22. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to promulgate and enforce safe work methods, practices, procedures and rules.

23. As part of its duty under the FELA to act reasonably to provide Mr. Burrows a safe place to work, CSX Transportation, Inc. was obligated to inspect the property onto which it sent Mr. Burrows, including the walkways it exposed Mr. Burrows to, and to warn Mr. Burrows of potential dangers and hazards.

24. Mr. Burrows' injuries, suffering and death were caused by defendant CSX Transportation, Inc.'s negligent violation of the Federal Employer's Liability Act in that CSX Transportation, Inc., through its agents, servants and employees:

    (a) Failed to properly to provide secure footing on the bridge;

    (b) Sent Mr. Burrows to work ninety to a hundred feet above the ground on a bridge where a large hole was unsafely covered by an unsecured grading platform;

    (c) Failed to inspect the bridge to discover the unsafe walking conditions;

    (d) Failed to provide Mr. Burrows with a porta-potty or other relief facility, requiring him to walk to the edge of the bridge to relieve himself;

    (d) Failed to provide adequate fall restraint;

(e) Failed to promulgate and enforce safe work methods, practices, procedures and rules; and

(f) Failed to warn Mr. Burrows of the unsafe walking conditions posed by the insecure grading platform.

25. As a result of the negligence of CSX Transportation, Inc., decedent Bernard T. Burrows was caused to suffer multiple injuries as set forth above, and to die.

26. As a further result of the negligence of defendant CSX Transportation, Inc., decedent Bernard T. Burrows suffered great physical and emotional pain, fear and distress prior to his death, and did eventually die.

27. As a further result of the negligence of defendant CSX Transportation, Inc., decedent Bernard T. Burrows suffered lost earnings and a destroyed future earning capacity.

28. Bernard T. Burrows left surviving him his wife Caroline Burrows, 1819 Township Road, Wilmington, Delaware 19808, his son Bernard T. Burrows, Jr., 1912 W. Zabenko Drive, Wilmington, Delaware, 19804, his son Raymond Christopher Burrows, 1819 Township Road, Wilmington, Delaware 19804, his daughter Megan Elizabeth Burrows, 1819 Township Road, Wilmington, Delaware 19804, and his daughter Kristen Marie Thompson, 1901 Town-

ship Road, Wilmington, Delaware 19804 as his heirs and survivors entitled to recover damages for his death.

29. To the best of the Plaintiffs' knowledge, there exist no other beneficiaries.

30. As a result of the above-averred negligence of CSX Transportation, Inc., the beneficiaries have incurred hospital, medical, and administrative expenses incident to the death of Bernard T. Burrows, as well as suffered the loss of monetary contribution, gifts and support, and the loss of the services, affection, society, counsel and comfort of their father, together with other pecuniary and non-pecuniary losses.

31. At no time during his life did Bernard T. Burrows bring an action to recover damages for his personal injuries on September 19, 2011, and no other action has been commenced to recover damages for his against defendants herein or any other person.

WHEREFORE, Plaintiff Caroline Burrows demands judgment in her favor and against defendant CSX Transportation, Inc. for compensatory damages in an amount to be determined by the jury, together with interest, costs, attorneys' fees and such other and further relief as the Court and Jury shall deem appropriate.

MYERSLAFFERTY LAW OFFICES, P.C.

BY: _____
William L. Myers, Jr., Esquire
Pa. I.D. No. 38702

Suite 810
1515 Market Street
Philadelphia, PA 19103
(215) 988-1229
(215) 988-0433 (fax)
wlm@myerslafferty.com

Attorneys for Plaintiff
Caroline Burrows